IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAMELA MACKNET**<br>5600 Regatta Drive<br>Unit 2516<br>Philadelphia, PA 19146<br><br>*Plaintiff,*<br><br>vs.<br><br>**UNIVERSITY OF PENNSYLVANIA**<br>3400 Spruce Street<br>Philadelphia, PA<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against the Defendant for unlawful retaliation in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act.

### PARTIES

2. Plaintiff is Pamela Macknet ("Plaintiff"), an adult individual currently residing at the above address.

3. Defendant, University of Pennsylvania is a private university that is believed and therefore averred to have been created and existing pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business at the above address.

4. At all times relevant hereto, Defendant acted by and through their agents, servants, and employees, each of whom, at all times relevant, acted within the scope of her or her job duties.

5. The Defendant is an "employer" within the meaning of the ADEA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7. Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act ("PHRA") (requiring four or more employees).

## JURISDICTION and VENUE

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff has satisfied the procedural and administrative requirements for proceeding with a retaliation action under ADEA and the ADA.

15. Plaintiff filed a timely written charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging retaliation in or around December 22, 2014 (No.530-2015-03189).

16. The instant action is timely because it is initiated at least ninety ("90") days after the receipt of a Right to Sue Letter by the EEOC.

17. Plaintiff has exhausted her federal and state administrative remedies as to the allegations of the instant Complaint at the time of filing.

## FACTUAL BACKGROUND

18. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19. Plaintiff was formerly employed by the University of Pennsylvania in the Division of Hematology/Oncology.

20. Plaintiff previously filed a charge of discrimination (#530-2014-02547) alleging age and disability discrimination with the EEOC and PHRC. A copy of that

charge is attached hereto as Exhibit "A" and incorporated by reference herein as if the same were set forth at length.

21. On or about September 19, 2014, the EEOC issued a "right to sue" letter on the aforementioned charge. A copy of that "right to sue" is attached hereto as Exhibit "B" and incorporated by reference herein as if the same were set forth at length.

22. After the expiration of the ninety ("90") days (December 9, 2014), Plaintiff elected not to file suit in federal district court.

23. On December 10, 2014, the day after Plaintiff's right to sue letter expired, she was called into Helen Silvieri's office.

24. Amanda Smith was also present.

25. Smith handed Plaintiff a paper with notification of termination due to a bogus HIPAA violation and "unsatisfactory work performance".

26. In reality, Plaintiff was retaliated against for engaging in a protected activity insofar as she had previously filed an administrative complaint with the EEOC.

## COUNT I
## ADEA RETALIATION

27. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

28. The foregoing conduct by the Defendant constitutes unlawful retaliation against the Plaintiff in violation the ADEA.

5

29. As a result of the Defendant's unlawful discrimination and retaliation, the Plaintiff has suffered damages as set forth herein.

## COUNT II
## ADA RETALIATION

30. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

31. The foregoing conduct by the Defendant constitutes unlawful retaliation against the Plaintiff in violation the ADA.

32. As a result of the Defendant's unlawful discrimination and retaliation, the Plaintiff has suffered damages as set forth herein.

## COUNT III
## PHRA

33. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

34. The foregoing retaliation by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

35. As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be

appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including but not limited to reinstatement;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption

of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KOLMAN ELY, P.C.

_____
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*

Dated: ___9/24/15___